UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KARL REID SELLE,<br><br>Defendant. | Case No. 24-CR-228 (SRN/DLM)<br><br><br>**ORDER** |

Robert M. Lewis, U.S. Attorney's Office, 316 N. Robert St., Ste. 404, St. Paul, MN 55101, for the Government

Peter B. Wold, Wold Morrison Law, TriTech Center, Ste. 705, 331 Second Ave. S., Minneapolis, MN 55401, for Defendant Karl Reid Selle

SUSAN RICHARD NELSON, United States District Judge

Before the Court is Defendant Karl Reid Selle's unopposed motion to designate this case as complex under the Speedy Trial Act. [Doc. No. 40]. For the reasons set forth below, the motion is granted.

I. BACKGROUND

In August 2024, Mr. Selle was charged with conspiracy to commit bank fraud. Specifically, the Indictment alleges that Mr. Selle conspired with Matthew Thomas Onofrio to conduct a bank fraud scheme directed at multiple banks in various states to acquire large commercial properties. (Indictment [Doc. No. 1] ¶¶ 2–3.) Mr. Onofrio was separately charged and has since pled guilty. *United States v. Onofrio*, No. 22-cr-322

1

(SRN). Pursuant to the underlying investigation, two other defendants, Chad Forga and Merl Groteboer, have recently been charged with wire fraud and false statements, respectively. (*See* Def.'s Mot. at 1–2.) Mr. Selle asserts that it is unclear at this time "whether these additional cases will intersect with the prosecution of Karl Selle." (*Id*. at 2.)

Mr. Selle moves for an order designating this matter as a complex case for purposes of the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii). In his motion, Mr. Selle asserts that the Government's discovery disclosures have been voluminous and complex, involving tens of thousands of pages of financial and bank records, corporate records, and email and text messages. Moreover, Mr. Selle has sought additional discovery that will likely also be voluminous and complex. Thus, "[g]iven the size, complexity, and scope of the investigative materials relative to the overall investigation, the inevitable expansion of discovery to come, and the complexity of the underlying allegations," Mr. Selle requests designation of the case as complex. (Def.'s Mot. at 3–4.)

If the motion is granted, Mr. Selle initially requested a trial continuance to a date on or after November 3, 2025 (*id.* at 4), however, the parties have since agreed upon their availability to commence trial on October 20, 2025.

## II.   DISCUSSION

Under the Speedy Trial Act, a defendant must "be tried within seventy days after being charged or initially appearing, unless the running of time is stopped for reasons set forth under the statute." *United States v. Izazaga-Pascacio*, No. 14-cr-289 (SRN/JSM),

2016 WL 287062, at *1 (D. Minn. Jan. 22, 2016); *see* 18 U.S.C. § 3161(c)(1); *see also Zedner v. United States*, 547 U.S. 489, 497-98 (2006). At the same time, "the Act recognizes that criminal cases vary widely and that there are valid reasons for greater delays in particular cases." *Zedner*, 547 U.S. at 497.

The Speedy Trial Act permits the exclusion of

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision provides "flexibility" and "permits a district court to grant a continuance and to exclude the resulting delay . . . after considering certain factors." *Zedner*, 547 U.S. at 497–98; *see generally* 18 U.S.C. § 3161(h)(7)(B). It "gives the district court discretion—within limits and subject to specific procedures— to accommodate limited delays for case-specific needs." *Zedner*, 547 U.S. at 499.

One of these factors is

> [w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act].

18 U.S.C. § 3161(h)(7)(B)(ii); *see, e.g.*, *United States v. Pikus*, 39 F.4th 39, 53 (2d Cir. 2022) ("Cases are 'complex' where they, for example, involve numerous defendants, novel legal issues, myriad claims, or many necessary witnesses."). "A district court

3

excluding time on the basis of complexity must set forth the reasons why the case continues to be complex for purposes of the exclusion." *Pikus*, 39 F.4th at 53 (quotation omitted).

But "even when a case is undisputedly complex, complexity *per se* is not an excuse for indefinite delay or a means of circumventing the requirements of the Speedy Trial Act." *Id.* at 54 (quotations and citations omitted). "[T]he length of the exclusion for complexity must not only be limited in time, but also reasonably related to the actual needs of the case." *Id.* (quotation omitted). Indeed, the Speedy Trial Act prohibits the granting of a continuance due to "lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(C).

The Court finds that designation of this case as complex under § 3161(h)(7)(B)(ii) is warranted. Given the large volume of discovery and the nature of the prosecution, the Court finds this case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the time limits set forth in the Speedy Trial Act. Further, pursuant to § 3161(h)(7)(A), the Court finds that the ends of justice served by making this designation and granting this continuance outweigh the best interests of the public and Mr. Selle in a speedy trial. Failure to grant this unopposed motion would deny the parties the reasonable time necessary for effective preparation, accounting for the exercise of due diligence.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Defendant's Unopposed Motion to Designate Case as Complex Under the

      Speedy Trial Act [Doc. No. 40] is **GRANTED**.

2.     This case is "complex" within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii).

3.     The period of time from **the date of this Order through October 20, 2025** shall be excluded from Speedy Trial Act computations in this case. *See* 18 U.S.C. § 3161(h)(7)(A).

Dated: June 4, 2025                                                s/Susan Richard Nelson
                                                                                                               SUSAN RICHARD NELSON
                                                                                                               United States District Judge